JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ALICIA MARIE RICHARDS,<br><br>          Appellant,<br><br>v.<br><br>RICHARD A. MARSHACK,<br><br>          Appellee. | Case No. 8:23-cv-01973-SB<br><br>ORDER AFFIRMING DENIAL OF MOTION TO ABANDON [8:21-BK-10635-SC, DKT. NO. 1557] AND MOTION TO ALTER [8:21-BK-10635-SC, DKT. NO. 1559] |

Debtor Alicia Marie Richards moved to compel the bankruptcy trustee to abandon various claims that the bankruptcy estate has against third parties. The trustee opposed, urging the bankruptcy court to deny the motion to prevent Richards from pursuing frivolous litigation. After the bankruptcy court denied the motion, Richards moved for reconsideration, which the court also denied. Richards now appeals both orders. For the reasons stated below, the Court affirms.

### I.

On July 6, 2023, Richards filed a motion for an order to compel the trustee to abandon several estate claims under 11 U.S.C. § 554(b). *In re Alicia Marie Richards*, No. 8:21-bk-10635-SC (Bankr. C.D. Cal.), Dkt. No. 1457 (Bankruptcy Proceeding). In her motion, she sought abandonment of claims against: (1) Michael Lavacot, the trustee of a family trust with whom she had previously entered into a settlement agreement; (2) Judge Andre De La Cruz, a superior court judge whom she had unsuccessfully sued on several occasions; (3) Judge Linda Miller, a superior court judge who signed the judgment in her marriage dissolution action; and (4) Richard Marshack, the trustee of the bankruptcy estate. She also moved for abandonment of "[a]ny other claim that is known and unknown." Bankruptcy Proceeding, Dkt. No. 1457 at 4. The trustee opposed the motion,

arguing that the court should deny it to prevent Richards from pursuing frivolous and malicious litigation against these third parties. Bankruptcy Proceeding, Dkt. No. 1510. The bankruptcy court considered the motion on August 15, 2023, stating its decision on the record without hearing oral argument from the parties. Dkt. No. 1696 at 5. The court adopted the reasoning in the trustee's opposition, denied the motion on the record, and subsequently issued a written order. Bankruptcy Proceeding, Dkt. Nos. 1557, 1696 at 8–11.

Before the bankruptcy court entered its final written order, Richards moved for reconsideration under Federal Rule of Civil Procedure 60(b), arguing that the trustee had misled the court, that her claims were not frivolous, and that she did not have an opportunity to file a reply to the trustee's opposition or present oral argument. Bankruptcy Proceeding, Dkt. No. 1542. The court denied the motion, finding Richards had not articulated any grounds for relief. Bankruptcy Proceeding, Dkt. No. 1559.

Richards now appeals both orders. Dkt. No. 1.

## II.

As an initial matter, the Court addresses the trustee's argument that this appeal should be dismissed because Richards has failed to pay the filing fee, has not submitted a request to proceed in forma pauperis (IFP), and has not requested a transcript from the bankruptcy court hearing. Dkt. No. 21 at 4–5.

Richards has not paid the filing fee or filed an IFP request for this appeal. Bankruptcy Proceeding, Dkt. No. 1574. Due to an oversight, the deficiency was recorded only on the bankruptcy court's docket and was not noted on the docket for this appeal. Despite the failure to pay the filing fee, the Clerk's Office issued a notice that the bankruptcy record was complete for appeal. Dkt. No. 10. Richards also requested a transcript of the August 15, 2023 bankruptcy court hearing (Bankruptcy Proceeding, Dkt. No. 1581), which was filed on the bankruptcy court docket (Bankruptcy Proceeding, Dkt. No. 1696). Because the transcript is available for the Court's review, and because of the docketing oversight, the Court declines to dismiss the appeal for failure to pay the filing fee and instead affirms the bankruptcy court's orders on the merits.[1]

---

[1] The Court notes that it has granted IFP applications in several of Richards's appeals. *See, e.g.*, *In re Alicia Marie Richards*, No. 8:23-cv-01295-SB (C.D. Cal.),

III.

A court's decision to authorize or deny a motion for abandonment under 11 U.S.C. § 554(b) is reviewed for abuse of discretion. *In re Gill*, 574 B.R. 709, 714 (B.A.P. 9th Cir. 2017). In reviewing for abuse of discretion, the court first considers whether the correct legal rule was applied. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009). The court then determines whether the application of the legal standard was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Id.* at 1263 (cleaned up).

Abandonment is the "formal relinquishment of [property] from the bankruptcy estate." *Catalano v. Comm'r of Internal Revenue*, 279 F.3d 682, 685 (9th Cir. 2002). Under 11 U.S.C. § 554(b), "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The trustee conceded that Richards's claims are of inconsequential value to the estate but opposed abandonment to prevent Richards from pursuing frivolous and harassing litigation. Agreeing with the trustee, the bankruptcy court denied the motion for abandonment. Bankruptcy Proceeding, Dkt. No. 1696 at 10–11; Bankruptcy Proceeding, Dkt. No. 1557. On appeal, Richards raises two arguments: (1) the court misapplied § 554; and (2) her due process rights were violated because she was unable to file a reply to the trustee's opposition and was denied the opportunity to present oral argument. Neither argument warrants reversal of the denial of the motion to abandon.

A.

Richards argues that the bankruptcy court abused its discretion in denying the motion because § 554(b) mandated the abandonment of the claims given the trustee's admission that they are "of inconsequential value and benefit" to the estate. Dkt. No. 18 at 24, 29.

This argument is contrary to the permissive language of § 554(b). *See* 11 U.S.C. § 554(b) (stating that "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate"). Indeed, under Ninth Circuit law, a bankruptcy

Dkt. No. 9; *In re Alicia Marie Richards*, No. 8:23-cv-01558-SB (C.D. Cal.), Dkt. No. 10.

3

court is permitted to deny abandonment even when "the factual predicates for abandonment under 11 U.S.C. § 554(a) are present." *In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995) ("Once a bankruptcy court has determined that the factual predicates for abandonment under 11 U.S.C. § 554(a) are present, the court's decision to authorize or deny abandonment is reviewed for abuse of discretion.") (citing *In re K.C. Machine & Tool Co.,* 816 F.2d 238, 244 (6th Cir.1987).). As the Sixth Circuit stated in *In re K.C. Machine & Tool*—the case upon which the Ninth Circuit relied in *In re Johnston*— "[a]n order compelling abandonment is the exception, not the rule . . . [and] should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset." 816 F.2d at 246.

Moreover, the bankruptcy court has authority to "tak[e] any action or mak[e] any determination necessary or appropriate . . . to prevent an abuse of process." 11 U.S.C. § 105(a). The bankruptcy court acted within its discretion to prevent Richards from pursuing frivolous claims against the intended litigation targets.[2] *See In re Sakon*, No. 19-21619, 2023 WL 4030079, at *2–3 (Bankr. D. Conn. June 14, 2023) (denying motion to abandon that "appear[ed] to be nothing more than a wasteful, frivolous, speculative, and ill-conceived gambit to fuel a proliferation of lawsuits"); *In re DeRosa-Grund*, 544 B.R. 339, 384 (Bankr. S.D. Tex. 2016)

---

[2] Richards previously filed a frivolous action against Judge De La Cruz. *Richards v. Orange Cnty. Superior Ct.*, 2021 U.S. App. LEXIS 5564 (9th Cir. February 24, 2021) (finding appeal of order dismissing suit against Judge De La Cruz to be frivolous). Yet she seeks to sue him and another judge who ruled against her (i.e., Judge Miller) despite the judicial-immunity bar. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (providing that judges are immune from damages liability for acts performed in their official capacities). She previously lost an appeal challenging a settlement agreement with Lavacot. *Lavacot v. Richards*, No. G056745, 2020 Cal. App. Unpub. LEXIS 2045 (Cal. Ct. App. March 30, 2020). Yet she seeks to sue him despite the fact that the agreement contains a mutual general release and a covenant not to sue. Bankruptcy Proceeding, Dkt. No. 1510 at 27–37 of 278. She previously lost a motion to remove Marshack for breach of fiduciary and statutory duties (Bankruptcy Proceeding, Dkt. No. 1385, 1446). Yet she seeks to sue him alleging similar violations despite the fact that the suit cannot proceed without leave of the bankruptcy court. *In re Crown Vantage, Inc.*, 421 F.3d 963, 970–71 (9th Cir. 2005) ("[A] party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee . . . for acts done in the officer's official capacity.").

(barring abandonment of asset "[g]iven the Debtor's perjurious conduct . . . and his penchant for filing multiple suits in the District Court").

### B.

Richards also contends that her due process rights were violated because she was unable to file a reply and because the court did not hear oral argument at the August 15, 2023 hearing.  However, the court did not prevent her from filing a reply—she chose not to do so, claiming she did not have adequate time in the prison library to prepare her brief and "had planned to orally argue against the Trustee's opposition."  Bankruptcy Proceeding, Dkt. No. 1542 at 5.  *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (finding trial court did not err in issuing an order without receiving a reply where appellant "was not prevented by the [court] from responding" and "its decision not to submit a reply brief was entirely voluntary").  Moreover, "it is well settled that oral argument is not necessary to satisfy due process." *Toquero v. I.N.S.*, 956 F.2d 193, 196 n. 4 (9th Cir. 1992).

The bankruptcy court did not abuse its discretion in denying the motion to abandon.[3]

### IV.

The Court next addresses Richards's challenge to the bankruptcy court's denial of her Rule 60(b) motion.  Denial of a motion for reconsideration under Rule 60(b) is also reviewed for abuse of discretion. *Lemoge v. United States*, 587 F.3d 1188, 1191–92 (9th Cir. 2009).  "A [court] abuses its discretion by denying relief under Rule 60(b) when it makes an error of law or relies on a clearly erroneous factual determination." *Id.* at 1192.  Under Rule 60(b), relief may be warranted due to mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)–(6).

---

[3] It also appears that Richards failed to properly serve her motion to abandon on all creditors, as required by Federal Rule of Bankruptcy Procedure 6007(b).  *See* Bankruptcy Proceeding, Dkt. No. 1505 (amended proof of service that does not include all creditors on claims register).  This procedural defect provided an alternative basis to deny the motion. *See In re Garcia*, 521 B.R. 680, 686 n.8 (Bankr. D. Idaho 2014) (finding failure to properly serve was alternative basis to deny motion for abandonment).

The bankruptcy court did not abuse its discretion in denying Rule 60(b) relief.  On appeal, Richards reiterates that she was denied an opportunity to present oral argument and conclusorily claims that the bankruptcy court "relied on the trustee's misstatements of fact" and "misapplied the law."  Dkt. No. 18 at 32.  She presents no developed argument demonstrating grounds for relief under Rule 60(b)(1)–(5) or any "extraordinary circumstances" warranting Rule 60(b)(6) relief. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

## V.

The Court affirms the bankruptcy court's denial of the motion to abandon and the motion to alter or amend.

Date: March 18, 2025

_____

Stanley Blumenfeld, Jr.
United States District Judge